CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 3 0 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROD TURNER, ) | |
| Plaintiff, ) | Civil Action No. 7:07cv00477 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | |
| JAIL, ABINGDON DISTRICT, ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Petitioner, Rod Turner, filed this motion as a request for "emergency injunctive relief." Turner is currently housed at the 33rd Street Jail in Orlando, Florida, and claims that he is about to be extradited to Virginia. He requests this court issue injunctive relief ordering that, upon his extradition to Virginia, he be housed in a federal facility to await trial in the Russell County Circuit Court. For the reasons stated, the court denies his request for injunctive relief and dismisses this action.

I.

In support of his motion, Turner claims that he is being held on a Governor's warrant and that an application for requisition has already been made by the Commonwealth's Attorney for the County of Russell, Virginia.[1] He alleges that all prisoners of Russell County are housed at Southwest Virginia Regional Jail ("SWVRJ") in Abingdon and, therefore, upon his extradition, he will be housed there. Turner argues that he has a "conflict of interest" with SWVRJ in Abingdon and that a "hostile environment exist[s]" toward him at that facility. In support of this argument, Turner states that he currently has a civil rights action, alleging excessive force, pending against

---

[1] The court has confirmed with the Russell County Sheriff's Office and the Russell County General District Court that a Governor's warrant has in fact been served and that they are awaiting word from the Florida court as to when they can extradite Turner to Virginia.

defendants at the SWVRJ in Abingdon and that his daughter was found dead in her cell at the same facility, for which he has initiated a wrongful death action on behalf of her estate. He states that if he is housed at SWVRJ in Abingdon upon his return to Virginia, he will "fear for his safety."

Turner claims that he has filed a petition for writ of habeas corpus in Florida state court to "contest" his extradition. However, the court notes that, in his instant complaint, Turner does not challenge the process provided to him or the validity of the extradition request or his underlying criminal charge.[2]

## II.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the

---

[2] The court notes that, to the extent Turner can challenge the process provided to him, the validity of the extradition request, or the validity of his underlying criminal charge, he must first exhaust his state court remedies before filing a habeas proceeding in this court.

irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that Turner has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of injunctive relief. Nor has Turner established a likelihood that he could eventually succeed on the merits of his claim or that the public interest lies with granting the relief. Although Turner claims that "all prisoners for the County of Russell, state of Virginia are housed in the Southwest Virginia Regional Jail, Abingdon District," in fact, defendants awaiting trial in the Russell County General District Court and Circuit Court are also housed in the Tazewell, Duffield, and Hyasi divisions of the SWVRJ Authority, as well as at other facilities. Further, even if Turner is designated to SWVRJ in Abingdon, his claims that his safety is in danger because his daughter "was found dead in a jail cell" at that facility and that he has a civil action pending against defendants from that facility, are merely speculative. Still further, Turner has not alleged facts indicating that guards or any officials at SWVRJ in Abingdon have made any threats on his life or safety or that any such threat could be or would be carried out. Accordingly, the court finds that the harm Turner alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Therefore, his allegations do not satisfy the "balance of hardships" test.[3]

### III.

For the reasons stated, the court denies Turner's request for injunctive relief and dismisses this action without prejudice.

---

[3] The court notes that Turner can try making a written request to the Russell County Sheriff's Office to the attention of Captain Skeen, indicating why he does not want to be housed at SWVRJ in Abingdon and that he would like to be housed at another facility.

The clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff.

**ENTER**: This 30th day of November, 2007.

_____
United States District Judge